**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. EV 99-CR-25 |
| | ) | 3:05-cv-61-RLY-WGH |
| ALFREDO CEBALLOS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Alfredo Ceballos seeks relief pursuant to 28 U.S.C. § 2255 from his conviction for drug and related offenses. His motion was summarily dismissed "insofar as that motion relies on the argued retroactive application of the rulings in *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker,* 125 S. Ct. 738 (2005)," and he was given a period of time in which to "set[ ] forth what claims from his § 2255 motion, if any, remain viable" following the dismissal of the claims based on *Booker.* Ceballos has done so, or seems to have done so, but reveals that he continues to challenge solely the manner in which the sentence was imposed vis-a-vis the determination in *Booker* that the Sentencing Guidelines are no longer mandatory or binding on the court, but are instead advisory. *Booker,* 125 S. Ct. at 764.

Mr. Ceballos was sentenced more than 18 months before *Booker* was decided on January 12, 2005. His appeal was dismissed pursuant to the procedure authorized in *Anders v. California,* 386 U.S. 738 (1967), more than 9 months before *Booker* was decided. The Seventh Circuit held that the Supreme Court's decision in *Booker* "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005). The Court of Appeals held that *Booker* was not retroactive to collateral attacks of sentences because it was not one of those "rare watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Schriro v. Summerlin,* 542 U.S. 348 (2004)). The different perspective offered in the "statement of remaining concerns" filed by Mr. Ceballos could not be given effect in this proceeding without running afoul of *McReynolds.* This court has no authority to do so.

On the basis of the foregoing, therefore, any claim remaining in this action following the dismissal of March 24, 2005, is now also summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   03/02/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana